**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DEAVONIE L. REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1124 JAR |
| | ) | |
| ANNE PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. For the reasons explained below, this action will be dismissed for failure to comply with a Court Order and failure to prosecute.

Self-represented plaintiff, an inmate at Missouri Eastern Correctional Center ("MECC"), filed this civil action under 42 U.S.C. § 1983, alleging violations of his rights against eight defendant employees of the Missouri Department of Corrections ("MDOC"). Plaintiff asserted that excessive force was used on him during in incident at MECC which occurred on August 7, 2019. At the same time that he filed his complaint, plaintiff also filed a Motion for Preliminary Injunction and Temporary Restraining Order. ECF No. 5.

In an Order issued November 13, 2020, the Court denied plaintiff's motion for injunctive relief and reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2). ECF No. 6. The Court detailed multiple problems with plaintiff's complaint but allowed plaintiff thirty (30) days to file an amended complaint to cure the deficiencies. The Court explained that plaintiff must plead facts that show that each specific defendant was personally involved in or directly responsible for the force used on him. Furthermore, the Court discussed how plaintiff needed to plead sufficient facts to state a facially plausible claim that the force used on him was malicious and sadistic. Conclusory

pleadings are not enough. Finally, the Court denied plaintiff's request for appointment of counsel without prejudice.

Plaintiff's response was due to the Court by December 18, 2020. The Court fully explained in its November Order why plaintiff's complaint was subject to dismissal, gave plaintiff clear instructions about what was expected, and cautioned him that, if he failed to timely comply with the Order, the Court would dismiss this case without further notice. However, to date, plaintiff has neither complied with the Court's Order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, and cautioned that his case would be dismissed if he failed to timely comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's November 13, 2020 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed … by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (per curiam) (district court did not abuse its discretion in dismissing action without prejudice when the self-represented plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8"); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of January, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**